

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          )    Magistrate Case No.   08MJ8697
                                       )    Criminal Case No.     08CR2722-JAH
12                      Plaintiff,     )
                                       )
13         v.                          )    FINDINGS OF FACT AND ORDER OF
                                       )    DETENTION
14  Maria Elena HAWVER,                )
                                       )
15                      Defendant.     )
                                       )
16  ─────────────────────────────     )

17         In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a

18  detention hearing was held on August 19, 2008, to determine whether defendant, Maria Elena

19  HAWVER, should be held in custody pending trial on the grounds that she is a flight risk.  Assistant

20  U. S. Attorney John F. Weis appeared on behalf of the United States.  Court-appointed counsel Robert

    Carriedo appeared on behalf of the Defendant.

21
           Based on the evidence proffered by the United States and the Defendant, the pretrial services
22
    report, and the criminal complaint issued against the Defendant on August 6, 2008,  by this Court, the
23
    Court concludes that the following facts establish by a preponderance of the evidence that no condition
24
    or combination of conditions will reasonably assure the appearance of the Defendant required.
25
    ///
26
    ///
27
    ///
28

I

## FINDINGS OF FACT

A.    Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1.    The Defendant is charged in Criminal Complaint No. 08MJ8697 with the importation of 47.30 kilograms (104.30 pounds) of heroin, in violation of 21 U.S.C. §§ 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2.    On August 13, 2008, the Defendant was indicted (criminal case number: 08CR2722-JAH) with the following:

Count 1:   Importation of 47.30 kilograms (104.30 pounds) of heroin, in violation of 21 U.S.C. §§ 952 and 960.

Count 2:   Possession of heroin with intent to distribute 47.30 kilograms (104.30 pounds) of heroin, in violation of Title 21, U.S.C. § 841(a)(1).

2.    The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C. § 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See, 18 U.S.C. § 3142(e).

3.    The offense carries with it a minimum mandatory 10 year sentence and a maximum life sentence. See, 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 38. See, USSG § 2D1.1. Assuming the Defendant's criminal history score places her in Criminal History Category I, See, USSG § 4A1.1., the sentencing range for the Defendant is 235-293 months in prison.

B.    Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2)

1.    On August 5, 2008, Defendant was the sole occupant, registered owner, and driver of a 2003 Jeep Liberty, as she entered the Calexico, California, West Port of Entry. During a Block Blitz operation, which was in progress in the secondary lot, a narcotic detector dog alerted to the vehicle. Customs and Border Protection Officer Rodriguez tapped on the cargo floor and noticed it sounded solid. Canine Enforcement Officer J. Jones discovered bondo as well as an access plate in the rear tire well. A subsequent inspection of the vehicle revealed 47.30 kilograms (104.30 pounds) of heroin

1    concealed underneath the rear cargo area of the vehicle. Defendant stated she had purchased the vehicle

2    three or four months ago in Mexicali, Mexico.

3        C.    History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)

4            1.    The Defendant is a naturalized United States citizen and probably retains her

5    Mexican citizenship.

6            2.    The Defendant resides part time in San Bruno, California.

7            3.    The Defendant owns property and resides part time in Mexico.

8            4.    The Defendant owns and operates a business in Mexico.

9            5.    The Defendant has family residing in the United States and Mexico.

10       D.    Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)

11           1.    Other than that the charged crime is a drug trafficking offense, there is nothing

12   to suggest that release of the Defendant would pose a danger to any person or the community. Defendant

13   has no criminal convictions. A records check shows that she has a record of minor traffic infractions.

14                               II

15               REASONS FOR DETENTION

16       A.    There is probable cause to believe that the Defendant committed the offense charged in

17   Criminal Complaint No. 08MJ8697 (Criminal Case Number: 08CR2722-JAH), namely, the importation

18   of 47.30 kilograms (104.30 pounds) of heroin into the United States in violation of 21 U.S.C. §§ 952

19   and 960.

20       B.    The Defendant faces a substantial period of time in custody if convicted of the offense

21   charged in the Complaint. She therefore has a strong motive to flee.

22       C.    The Defendant has not rebutted the presumption, based upon the Court's findings, that

23   there is probable cause to believe that the Defendant committed an offense for which a maximum term

24   of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801

25   et seq.), and that no condition or combination of conditions will reasonably assure the appearance of

26   the Defendant at future court proceedings.

27   ///

28   ///

1

III

2

ORDER

3    IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

4    IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney

5  General or his designated representative for confinement in a corrections facility separate, to the extent

6  practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The

7  Defendant shall be afforded reasonable opportunity for private consultation with counsel.

8    While in custody, upon order of a court of the United States or upon the request of an attorney

9  for the United States, the person in charge of the correctional facility shall deliver the Defendant to the

10  United States Marshal for the purpose of an appearance in connection with a court proceeding or any

11  other appearance stipulated to by defense and government counsel.

12    THIS ORDER IS ENTERED WITHOUT PREJUDICE.

13    IT IS SO ORDERED.

14    DATED:  _Aug 22, 2008_.

15

16

17                                    PETER C. LEWIS
                                      UNITED STATES MAGISTRATE JUDGE

18  Prepared by:

19  KAREN P. HEWITT
    United States Attorney

20

21

22  JOHN F. WEIS
    Assistant U. S. Attorney

23

    cc:  Robert Carriedo
24         Counsel for Defendant

25

26

27

28

4