1   **ROBERT CARRIEDO**
    **Attorney at Law**
2   **State Bar No. 108204**
    **105 West "F" Street, 3rd Floor**
3   **San Diego, CA  92101-6036**
    **Tel: (619)  232-0900**
4       **FAX: 234-2529**

5   Attorney for Defendant
    Maria Elena Hawver
6

7

8                 **UNITED STATES DISTRICT COURT**

9               **SOUTHERN DISTRICT OF CALIFORNIA**

10                    (Hon. John A. Houston)

11  UNITED STATES OF AMERICA,          )
                                       )   Case No. 08cr2722-JAH
12              Plaintiff,             )
                                       )   **NOTICE OF MOTION AND MOTION**
13  vs.                                )   **TO COMPEL FURTHER DISCOVERY,**
                                       )   **TO SUPPRESS STATEMENTS,**
14  MARIA ELENA HAWVER ,               )   **AND FOR FURTHER MOTIONS**
                                       )
15                                     )
                Defendant.             )   Date: September 22, 2008
16  _____   )   Time: 8:30 a.m.
                                           Dept: Courtroom of Honorable
17                                               John A. Houston
18

19

20          **PLEASE TAKE NOTICE** that on Monday, September 22, 2008 at 8:30 a.m., or as soon

21  thereafter as counsel may be heard, defendant, Maria Elena Hawver, by and through her counsel,

22  Robert Carriedo, will bring the above-entitled motions.

23

24  DATED: September 7, 2008             Respectfully submitted,

25

26

27           /s/Robert Carriedo
             **ROBERT CARRIEDO**, Attorney for
28           Defendant Maria Elena Hawver

1  **ROBERT CARRIEDO**
   **Attorney at Law**
2  **State Bar No. 108204**
   **105 West "F" Street, 3rd Floor**
3  **San Diego, CA 92101-6036**
   **Tel: (619) 232-0900**
4      **FAX: 234-2529**

5  Attorney for Defendant
   Maria Elena Hawver
6

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10                  (Hon. John A. Houston)

11  UNITED STATES OF AMERICA,        )
                                     )  Case No. 08cr2722-JAH
12              Plaintiff,           )
                                     )  **POINTS AND AUTHORITIES IN SUPPORT**
13  vs.                              )  **OF MOTIONS TO COMPEL FURTHER**
                                     )  **DISCOVERY, TO SUPPRESS STATEMENTS,**
14  MARIA ELENA HAWVER,              )  **AND FOR FURTHER MOTIONS**
                                     )
15                                   )
                Defendant.           )  Date:   September 22, 2008
16  _____ )  Time:   8:30 a.m.
                                     )  Dept:   Courtroom of Honorable
17                                            John A. Houston

18                              **I.**

19                    **FACTUAL STATEMENT**

20        On or about August 13, 2008, Maria Elena Hawver was indicted pursuant to Title 21, U.S.

21  C., Secs. 952 and 960, Importation of Heroin; and Title 21, U.S.C. Sec. 841(a)(1), Possession of

22  Heroin With Intent to Distribute.

23                              **II.**

24              **TO COMPEL FURTHER DISCOVERY**

25        Ms. Hawver requests the following discovery pursuant to Fed. R. Crim. P. 16:

26        (A) All written and oral statements made by her. This request includes, but is not limited to

27  any rough notes, records, reports, transcripts or other  documents in which statements of Ms.

28  Hawver are contained.  It also includes the substance or any oral statements which the government

intends to introduce at trial, together with any rough notes of any statements. Ms. Hawver has been given no discovery thus far. These documents are discoverable under Federal R. Crim. P. 16(a)(1)(A);

(b) All documents, statements, agents' reports and tangible evidence favorable to Ms. Hawver on the issue of guilt and/or which affects the credibility of the government's case. This evidence must be produced to Ms. Hawver pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United States vs. Agurus, 427 U.S. 97 (1976);

(c) All evidence, documents and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Federal R. Crim. P. 16(a)(1)(B). Evidence or prior similar acts is discoverable under Fed. R. Crim P. 16(a)(1)(C) and Fed. R. Evid. 404 (b) and 609;

(d) All evidence seized in the case. These materials are available pursuant to Fed. R. Crim. P. 16(a)(1)(C);

(e) All statements which exculpates Ms. Hawver or any other person whom the government alleges is a co-conspirator with Ms. Hawver. Any statement which exculpates Ms. Hawver  is discoverable, since the government will argue that statement may be attributed to Ms. Hawver under Fed. R. Evid. 801(d)(2)(E). See United States v. Konefal, 556 F. Supp. 698, 705, 07 (N.D.N.Y. 1983); United States v. Thevis, 84 F.R.D. 47, 56-57, (N.D.G.A. 1979);

(f) All other real and physical evidence, including photograph books, documents, photographs, tangible and other objects which the government intends to introduce in its case-in-chief. Photographs taken contemporaneously with the arrest are relevant and material to the defense. These are discoverable under Fed. R. Crim. P. 16(a)(1)(C);

(g) Any and all results, reports, and other documents pertaining to any fingerprint analysis performed on any exhibit. This is discoverable under Fed. R. Crim. P. 16(a)(1)(C);

(h) Any and all results and reports of scientific tests or experiments, including DEA Forms 7 and 7a. This is available under Fed. R. Crim. P. 16(a)(1)(D). When the case is tried, Ms. Hawver may stipulate to the nature of the contraband, but the DEA laboratory reports must be made available before any stipulation is considered.

1    (i) Any <u>Jencks</u> (18 U.S.C. sec. 1300) materials, including but not limited to the testimony

2    before the Grand Jury.  All materials should be promptly disclosed to the defense to avoid delay at

3    the time of trial and to allow an opportunity to evaluate, and possible conduct further investigation if

4    necessary.

5    (j) Any and all raw notes made by investigative officers of all witnesses interviewed.  <u>United

6    States vs. Harris</u>, 542 F. 2d 1904 (9th Cir. 1976).

**III.**

**<u>STATEMENTS IN VIOLATION OF <i>MIRANDA V. ARIZONA</i>,
384 U.S. 436 (1966) AND/OR NOT GIVEN VOLUNTARILY
SHOULD BE SUPPRESSED</u>**

10    As stated in <u>Miranda v. Arizona</u>, <u>supra</u>:

> "The prosecution may not use statements whethis exculpatory or inculpatory,
> stemming from custodial interrogation of the defendant unless it demonstrates
> the use of procedural safeguards effective to secure the privilege against self-
> incrimination.  By custodial interrogation, we mean questioning initiated by
> law enforcement officers after a person has been taken into custody of
> otherwise deprived or him freedom of action in any significant way . . . ."

<u>Miranda</u>, 348 U.S. at 444.

As the Supreme Court has recognized, coerced statements are inherently suspect, and

methods of coercion are not limited to acts of physical brutality.  Since <u>Chambers v. States of

Florida</u>, 309 U.S. 227 (1940) this court has recognized that the blood of the accused is not the only

hallmark of an unconstitutional inquisition.  <u>Blackburn v. Alabama</u>, 361 U.S. 199, 206 (1960).  The

fact the statements in issue might be considered exculpatory is of no significance.

It should be made clear that a confession may be involuntary on due process grounds even

though police complied with the warning and waiver requirements of  <u>Miranda v. Arizona</u>, <u>supra</u>.

Moreover, the same standard applying to the voluntariness test must be applied to the alleged waiver

of Ms. Hawver's rights.  The Supreme Court has stated that the totality of all the surrounding

circumstances; both the characteristics of the accused and the details of the interrogation must be

considered.  Some factors taken into account have included the youth of the accused, e.g., <u>Haley v.

Ohio</u>, 332 U.S. 596 (1948); lack of education, e.g., <u>Pane v. Arkansas</u>, 356 U.S. 560 (1958); the

1    length of detention, e.g. <u>Chambers v. Florida</u>, 309 U.S. 227 (1940); repeat and prolonged

2    questioning, e.g., <u>Ashcraft v. Tennessee</u>, 332 U.S. 143 (1944); and the deprivation of food or sleep,

3    e.g., <u>Reck v. Pate</u>  367 U.S. 443 (1961).  C.F., <u>United States v. Tingle</u>, 658 F. 2d 1332 (9th Cir.

4    1981).  In all of the cases, the courts have determined the factual circumstances surrounding the

5    confession, assessed the psychological impact on the accused, and evaluated the legal significance of

6    how the accused reacted.  <u>See</u>, <u>Culombe v. Connecticut</u>, 367 U.S. 568, 603 (1961).

7          Applying these standards to Ms. Hawver, if it becomes apparent that under, the totality of the

8    circumstances, she did not waive him rights, and her statements were concomitantly involuntary and

9    not the product of a rational intellect or free will, then such statements, if made, should be

10   suppressed.

11                                              **IV.**

12

13   **<u>Ms. HAWVER  SHOULD BE ABLE TO FILE
     FURTHER  MOTIONS BASED UPON FACTS AND CIRCUMSTANCES
     THAT SHE FIRST BECOMES AWARE OF BASED UPON
     FURTHER  INFORMATION OR DISCOVERY</u>**

14

15

16         Ms. Hawver respectfully requests this Court to grant her leave to make further motions based

17   upon additional information, evidence or discovery occurring prior, during or after this motion date.

18   This, or course, is based upon new or additional information being obtained after the preparation,

19   filing or motion hearing on this matter.

                                              **V.**

20

21                                        **<u>CONCLUSION</u>**

22         Defendant Hawver requests the previously discussed motions be granted.

23

24   DATED: September 7, 2008

25                                              /s/Robert Carriedo
                                              _____
                                              **ROBERT CARRIEDO**, Attorney for
26                                             Defendant Maria Elena Hawver

27

28

CERTIFICATION OF SERVICE

I, Robert Carriedo, hereby certify to the best of my information and belief that by having

e-filed the Defendant's Notice of Motion and Motion to Compel Further Discovery, to Suppress

Statements, and For Further Motions.  I have caused a copy of same to be served via electronic

mail upon the following:

Peter J. Mazza:        Peter.Mazza@usdoj.gov, Lillian.Ruiz@usdoj.gov,
                       efile.dkt.gc1@usdoj.gov,


Dated: September 7, 2008


                        /s/Robert Carriedo

                        _____
                        **Robert Carriedo**, Attorney for
                        Defendant Maria Elena Hawver